# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM 39854

———————————

## UNITED STATES
*Appellee*

### v.

## Cody M. BROWN
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 August 2021

———————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged on 3 December 2019 by GCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 29 January 2020: Dishonorable discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Senior Judge KEY delivered the opinion of the court, in which Chief Judge JOHNSON joined. Judge ANNEXSTAD filed a separate opinion concurring in part, dissenting in part, and dissenting in the result.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

KEY, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of sexual assault committed in 2017, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

On appeal, Appellant raises a single assignment of error: whether the convening authority erred by not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. Appellant proposes this court remand his case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve this matter.

We agree with Appellant. As a result, we conclude that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Once the record is returned to this court, we will complete our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)). Although not raised by Appellant, we consider whether he is entitled to relief for facially unreasonable post-trial delay.

## I. BACKGROUND

The two specifications in this case were preferred on 1 August 2019 and 10 September 2019, and they were referred on 28 September 2019, however one specification was later withdrawn pursuant to Appellant's pretrial agreement. Appellant was tried by a military judge and sentenced on 3 December 2019. Afterwards, Appellant's trial defense counsel submitted a petition for clemency on 12 December 2019 in which he asked the convening authority to grant Appellant relief with respect to the adjudged forfeitures.[2]

On 23 January 2020, the convening authority signed a Decision on Action memorandum. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take no action on the sentence in this case." The Decision on Action memorandum also indicated Appellant's request for deferment of forfeitures was denied and directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of Appellant's sentence was approved, disapproved, commuted, or

---

[1] Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant and his trial defense counsel variously asked the convening authority to set aside the forfeitures, commute them, and defer them for the benefit of Appellant's spouse.

suspended. On 29 January 2020, the military judge signed the entry of judgment, setting out the adjudged sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

### A. Convening Authority Action

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2004)). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:
>
> (1) requires action by the convening authority on the sentence; . . . or
>
> (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the Manual for Courts-Martial, United States, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect when Appellant's offenses first occurred stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, 81 M.J. 158 (C.A.A.F. 2021). In *Aumont*, the convening authority signed a memorandum stating that he

took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at \*22. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id. passim.* A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice. *Id.* at \*89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont. See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority explicitly stated he did not take action on the sentence. He implicitly referenced the adjudged punitive discharge by mentioning appellate leave as well as the forfeitures by mentioning the denial of the deferment request, but he did not mention the confinement or reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at \*11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applica-

ble here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

## B. Post-Trial Delay

Appellant was sentenced on 3 December 2019. The convening authority signed his Decision on Action memorandum on 23 January 2020, and the case was docketed with this court on 10 February 2020. Appellant filed his initial assignments of error 434 days later on 19 April 2021 after requesting and receiving 12 enlargements of time over the Government's objection. The Government filed its answer three weeks later, on 10 May 2021. Fifty-one days after we received the Government's answer, we released our original opinion in this case. *See United States v. Brown*, No. ACM 39854, 2021 CCA LEXIS 321 (A.F. Ct. Crim. App. 30 Jun. 2021) (per curiam) (unpub. op.). In that opinion, we resolved Appellant's claim regarding the convening authority not taking action adversely to him by relying upon the decision of the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 508 (C.A.A.F. 4 Jun. 2021). On 19 July 2021, the CAAF issued an interlocutory order recalling and vacating *Brubaker-Escobar*. *See United States v. Brubaker-Escobar*, No. 20-0345, 2021 CAAF LEXIS 683 (C.A.A.F. 19 Jul. 2021). We subsequently withdrew our opinion on 30 July 2021.

"We review de novo claims that an appellant has been denied the due process right to a speedy post-trial review and appeal." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004); *United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F. 2003)). In *Moreno*, the CAAF established a presumption of facially unreasonable delay when the Court of Criminal Appeals does not render a decision within 18 months of docketing. 63 M.J. at 142. Where there is such a delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004)). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136 (citing *Barker*, 407 U.S. at 533).

This case has exceeded the 18-month standard between docketing and appellate decision by approximately two weeks. The primary reason for this delay is the fact Appellant took some 14 months to file his assignments of error after requesting 12 extensions. Once we received the Government's timely answer, we completed our review and released our opinion in less than two months, during which time the CAAF released an opinion appearing to resolve the question regarding the convening authority action discussed above. Thus, our original opinion was released less than 17 months after Appellant's record was docketed. Afterwards, however, the precedent we relied upon was vacated, necessitating the withdrawal of our original opinion and the preparation of a new opinion. In the face of this unusual set of circumstances, we do not find egregious delay here, especially in light of the fact the vast bulk of the delay was at Appellant's behest.

Where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). In *Moreno*, the CAAF identified three types of cognizable prejudice for purposes of an appellant's due process right to timely post-trial review: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of the appellant's ability to present a defense at a rehearing. 63 M.J. at 138–39 (citations omitted). Appellant was only sentenced to six months of confinement, so he was released prior to filing his assignments of error, which is to say he has not suffered any oppressive incarceration as a result of appellate delay. Because our opinion does not result in a rehearing, Appellant's ability to prepare for such a hearing has not been impacted. *See id.* at 140. With respect to anxiety and concern, the CAAF has explained "the appropriate test for the military justice system is to require an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* Appellant has not alleged any particularized anxiety or concern, and we do not discern such from our review of Appellant's case. Where, as here, there is no qualifying prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. On the whole, we do not find the delay so egregious. *Id.*

Recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not.

### III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

ANNEXSTAD, Judge (concurring in part, dissenting in part and dissenting in the result):

I concur with my colleagues conclusion that Appellant has not suffered a due process violation for unreasonable post-trial delay and that in the absence of a due process violation that relief for excessive post-trial delay is not appropriate in this case. *See United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). However, I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no

---

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant does not claim prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id.* at *3–4.

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 12 December 2019. In his matters, Appellant asked the convening authority to grant relief with respect to his adjudged forfeitures. On 23 January 2020, the convening authority memorialized his decision to "take no action" on the findings and sentence in his Decision on Action memorandum to the military judge. Consistent with Section 13D of Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, the convening authority expressed his decision to not grant relief as "no action." *See* AFI 51-201, ¶ 13.23 (18 Jan. 2019). Additionally, the convening authority specifically denied Appellant's request to defer the adjudged forfeitures and directed Appellant to "take leave" pending completion of appellate review upon release from confinement—an action only necessary when a convening authority cannot or chooses not to disturb an adjudged punitive discharge. On 29 January 2020, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged. The convening authority's Decision on Action memorandum was attached to the EoJ.

I would find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)), requiring the convening authority to effectuate the sentence. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26. There is

no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, and neither party moved for correction of the Decision on Action memorandum or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). For these reasons, I would find no error in the convening authority's action and would not delay our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2019 *MCM*), by remanding the case to the Chief Trial Judge, Air Force Trial Judiciary.

FOR THE COURT

Carol K. Joyce

CAROL K. JOYCE
Clerk of the Court